**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHRISTY ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-cv-2525 CM/KMH |
| ) | |
| IMPERIAL CREDIT ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, CHRISTY ROBERTS ("Plaintiff"), by and through attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against IMPERIAL CREDIT SYSTEMS, INC. ("Defendant"), allege and affirmatively state as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA)

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Kansas, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

/ / /

/ / /

## PARTIES

5.  Plaintiff is a natural person resides in the City of Arma, Crawford County, Kansas.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

7.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8.  Plaintiff is informed and believes that Defendant is a company located in Colorado Springs, Colorado.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.  Defendant placed collection calls to Plaintiff from 719-473-4671 seeking and demanding payment on an alleged consumer debt for a home water softener system.

11.  On or about April 14, 2011 Defendant placed a call to Plaintiff Christy Robert's place of employment; during that call Defendant was notified that Plaintiff was unable to take personal calls at work as the calls were prohibited by Plaintiff's employer.

12.  Thereafter, on April 26, 2011, Defendant placed another collection call to Plaintiff Christy Roberts' place of employment despite having already been informed that the calls were prohibited by Plaintiff's employer.

/ / /

/ / /

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692(c)(a)(3) of the FDCPA by contacting Plaintiff at her place of employment after being told said calls were prohibited by Plaintiff's employer; and

   b) Defendant violated §1692(d) of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of an alleged debt.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for the following:

14. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k,

15. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k, and

16. Any other relief that this court deems to be just and proper.

Plaintiff designates Kansas City as place for trial.

RESPECTFULLY SUBMITTED,

By:/s/ Adam C. Maxwell
Adam C. Maxwell (SBN: 24706)
Attorney for Plaintiff
Krohn & Moss, Ltd.
10 N. Dearborn Street
3rd Floor
Chicago, IL 60602
(312) 578-9428
e-mail: amaxwell@consumerlawcenter.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTY ROBERTS, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS)

Plaintiff, CHRISTY ROBERTS, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTY ROBERTS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/27/11

CHRISTY ROBERTS,
Plaintiff